IN THE UNITED STATES DISTRICT COURT
FOR The SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
SEP 3 0 2005
MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff § § v. § § CHEVRON PHILLIPS CHEM. CO., LP § § Defendant. § | H-05 3377 Civil Action No. _____ JURY DEMANDED. |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to afford appropriate relief to Lorin D. Netterville ("Netterville") who was subjected to discriminatory treatment based on her disability. In this lawsuit, Plaintiff, the United States Equal Employment Opportunity Commission ("Commission"), alleges that the Defendant, Chevron Phillips Chem. Co., LP ("Chevron Phillips"), discriminated against Netterville on the basis of her disability, Chronic Fatigue Immune Deficiency Syndrome. Specifically, Chevron Phillips unlawfully denied Netterville a reasonable accommodation, and terminated Netterville because of her disability. In addition, Chevron Phillips terminated Netterville in retaliation for her requesting an accommodation and interfered with her rights under the ADA.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference

Sections 706(f) (1) and ( 3 ) of Title VII of the Civil Rights Act of 1964("Title VII"), 42 U.S.C. §§ 2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

3. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107 (a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f) (1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5 (f) (1) and (3).

5 . Defendant Chevron Phillips is a Delaware limited partnership with its corporate headquarters in The Woodlands, Houston, Texas. It may be served with process by serving its registered agent, C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

6. At all times relevant, Chevron Phillips has continuously been doing business in the State of Texas and the Cities of Houston and The Woodlands and has continuously had at least fifteen employees.

7. At all relevant times, Defendant Chevron Phillips has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA,

42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Defendant Chevron Phillips has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111 (2).

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Netterville filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Chevron Phillips. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge of employment discrimination and an attempt to conciliate the charge.

10. Since at least February of 2003, Defendant Chevron Phillips has engaged in unlawful employment practices at its facilities in Houston, Texas, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112 (a). The unlawful employment practices include the discharge of Ms. Netterville because of her disability Chronic Fatigue Immune Deficiency Syndrome ("CFIDS").

11. Since at least February of 2003, Defendant Chevron Phillips has engaged in unlawful employment practices at its facilities in Houston, Texas, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112 (a) and Section 102 (b) (5), 42 U.S.C. § 12112 (b) (5). The unlawful employment practices include failing to provide Ms. Netterville reasonable accommodations to her known physical limitations.

12. Since at least February of 2003, Chevron Phillips retaliated against Netterville by terminating her because of her request for a reasonable accommodation in violation of Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a), or otherwise interfering with Netterville in her exercise and enjoyment of rights granted and protected by Title I of the ADA in violation of Section 503(b) of Title IV of the ADA, 42 U.S.C. § 12203(b).

13. In December 2000, Netterville began working for Respondent as a temporary office assistant and in April 2001, her job status changed from temporary to permanent office assistant.

14. In February 2003, Netterville requested several reasonable accommodations from her supervisor. Among other things a memorandum from Netterville's treating physician stated "These are reasonable accommodations which would not prevent her from performing her job duties."

15. Chevron Phillips failed to provide her with a reasonable accommodation and instead discharged Netterville on or about February 26, 2003.

16. The effect of the unlawful employment practices complained of above has been to deprive Netterville of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

17. Chevron Phillips intentionally committed the unlawful employment practices complained of above.

18. Chevron Phillips committed the unlawful employment practices complained about above with malice and/or in reckless disregard of Netterville's federally protected rights.

### Prayer

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Chevron Phillips, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of disability.

B. Order Defendant Chevron Phillips to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Chevron Phillips to make Lorin Netterville whole by providing appropriate backpay with prejudgment interest, in amounts

to be determined at trial, and order other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement of Ms. Netterville or, if instatement is impractical, an award of front pay in an amount to be proved at trial.

D. Order Defendant Chevron Phillips to pay Lorin Netterville punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L Street, N.W.
Washington, D.C. 20507-0001

Jim Sacher

Regional Attorney
1919 Smith Street, 7th Floor
Houston, Texas 77002-8049
(713) 209-3398
Fax: (713) 209-3402

_____
Rudy L. Sustaita
Attorney-in-Charge
TBN: 19523560
SDN: 11850
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002-8049
(713) 209-3400
Fax: (713) 209-3402

ATTORNEYS FOR PLAINTIFF

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**
CHEVRON PHILLIPS CHEMICAL COMPANY, LP

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Rudy Sustaita, Senior Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3400

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Chevron Phillips Chem. Co. engaged in unlawful employment practices, in violation of Sections 102(a), 102(b)(5) and 503, of Title I of the ADA, 42 U.S.C. §§ 12112(a), and (b)(5) and 12203(a) by unlawfully discharging Ms. Netterville because of her disability, denying her requests for reasonable accommodations and retaliation.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
[ ] 110 Insurance
[ ] 120 Marine
[ ] 130 Miller Act
[ ] 140 Negotiable Instrument
[ ] 150 Recovery of Overpayment & Enforcement of Judgment
[ ] 151 Medicare Act
[ ] 152 Recovery of Defaulted Student Loans (Excl Veterans)
[ ] 153 Recovery of Overpayment of Veteran's Benefits
[ ] 160 Stockholders' Suits
[ ] 190 Other Contract
[ ] 195 Co

**REAL PROPERTY**
[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault, Libel & Slander
[ ] 330 Federal Employers' Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury

**CIVIL RIGHTS**
[ ] 441 Voting
[x] 442 Employment
[ ] 443 Housing/Accommodations
[ ] 444 Welfare
[ ] 440 Other Civil Rights

**PERSONAL INJURY**
[ ] 362 Personal Injury--Med Malpractice
[ ] 365 Personal Injury--Product Liability
[ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
[ ] 510 Motions to Vacate Sentence Habeas Corpus
[ ] 530 General
[ ] 535 Death Penalty
[ ] 540 Mandamus & Other
[ ] 550 Other

**FORFEITURE/PENALTY**
[ ] 610 Agriculture
[ ] 620 Other Food & Drug
[ ] 625 Drug Related Seizure of Property 21 USC 881
[ ] 630 Liquor Laws
[ ] 640 R.R. & Truck
[ ] 650 Airline Regs
[ ] 660 Occupational Safety/Health
[ ] 690

**LABOR**
[ ] 710 Fair Labor Standards Act
[ ] 720 Labor/Mgmt Relations
[ ] 730 Labor/Mgmt Reporting & Disclosure Act
[ ] 740 Railway Labor Act
[ ] 790 Other Labor Litigation
[ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
[ ] 422 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 Copyrights
[ ] 830 Patent
[ ] 840 Trademark

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS--Third Party 26 USC 7609

**OTHER STATUTES**
[ ] 400 State Reapportionment
[ ] 410 Antitrust
[ ] 430 Banks and Banking
[ ] 450 Commerce/ICC Rates/etc
[ ] 460 Deportation
[ ] 470 Racketeer Influenced and Corrupt Organizations
[ ] 810 Selective Service
[ ] 850 Securities/Commodities/Exchange
[ ] 875 Customer Challenge 12 USC 3410
[ ] 891 Agricultural Acts
[ ] 892 Economic Stabilization Act
[ ] 893 Environmental Matters
[ ] 894 Energy Allocation Act
[ ] 895 Freedom of Information Act
[ ] 900 Appeal of Fee Determination Under Equal Access to Justice
[ ] 950 Constitutionality of State Statutes
[ ] 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION [ ] UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE 9/30/05   SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT