```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

EQUAL EMPLOYMENT OPPORTUNITY      §
COMMISSION,                       §
                                  §
     Plaintiff,                   §
                                  §
vs.                               §   Civil Action No. H-05-3377
                                  §
CHEVRON PHILLIPS CHEM. CO.,       §
                                  §
     Defendant.                   §
```

**ORDER**

Presently pending before the court is Defendant's Motion for Costs (Docket Entry No. 63), Defendant's Motion for Attorney's Fees (Docket Entry No. 64) and the response filed thereto.

**1. Costs**

On July 5, 2007, the court granted Defendant's motion for summary judgment and entered judgment in this action. The Final Judgment was silent on the award of costs. On July 19, 2007, Defendant, the prevailing party, timely filed its Bill of Costs. See Local Rule 54.2. Any objection to the Bill of Costs was to be filed within five days of the filing of the Bill of Costs. See Federal Rule Civil Procedure 54(d). Plaintiff timely sought an extension of time within which to object to the imposition of costs.

Defendant seeks costs in the amount of $2,957.14. This amount can be broken down into three categories: transcript costs for the depositions of Lorin Netterville, Pete Borths, Steve Rugeley, and

Gary Thurman,[1] costs of procuring copies of Netterville's medical records and subpoena service costs for Netterville's deposition. The requested fees appear reasonable and are allowable costs under 28 U.S.C. § 1920.  Plaintiff does not raise a specific objection to any cost.  Rather, Plaintiff simply requests the court to exercise its discretion and not tax any costs against it.

Federal Rule of Civil Procedure presumes that the prevailing party is entitled to its costs as a matter of course.  Plaintiff has not provided any reason to deviate from the standard practice. It is, therefore, **ORDERED** that Defendant be awarded its costs in the amount of $2,957.14.

## 2. Attorney's Fees

Defendant seeks $124,418 in fees as a prevailing party pursuant to 42 U.S.C. § 12205 of the Americans with Disabilities Act ("ADA").  The Fifth Circuit has held that the considerations that govern fee-shifting under the ADA are the same as those that govern fee-shifting under Title VII and 42 U.S.C. § 1988.  <u>No Barriers, Inc., v. Brinker Chili's Tex., Inc.</u>, 262 F.3d 496, 498 (5th Cir. 2001). That standard, enunciated in <u>Christianburg Garment Co. v. Equal Employment Opportunity Comm.</u>, 434 U.S. 412, 421 (1978), provides that a prevailing defendant may not recover its fees unless a court finds that the plaintiff's claim was frivolous,

---

[1] These depositions were attached as exhibits to Defendant's motion for summary judgment.

unreasonable, or groundless.  Christianburg, 434 U.S. at 422.

In considering whether a suit is frivolous, a court should consider (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the case was dismissed before or after a full trial.  Myers v. City of W. Monroe, 211 F.3d 289, 292 (5th Cir. 2000).

In support of its motion for attorney's fees, Defendant argues that the EEOC failed to establish that Netterville was disabled, a significant failing in a case brought under the ADA.  Defendant also argues that the EEOC failed to properly investigate Netterville's claim when it only interviewed Netterville and failed negotiate in good faith during the conciliation process.  In response, the EEOC argues that it established a prima facie case of retaliation because Netterville did not have to meet the definition of disabled on that claim.  It also states that it had "some basis" for alleging that Netterville was disabled and that Defendant's legitimate, non-discriminatory reason for Netterville's termination was a pretext for discrimination.  Finally, the EEOC explains it was reasonable to refuse a face-to-face conciliation of Netterville's complaint because Netterville demanded $155,000 to settle the claim and Defendant offered only $2,500 in response.

The court has previously expressed disappointment at Plaintiff's handling of this action.  Plaintiff's cross-motion for summary judgment was not well-grounded in the summary judgment

evidence and relied, in no small part, on inadmissible testimony. Netterville's affidavit significantly amplified the disabilities she claimed at her deposition, requiring a hearing for clarification. An investigation that relied solely on the statement of the charging party is not, under any definition, an investigation and is a poor foundation upon which to demand $155,000 for a charge of questionable merit. The court appreciates that Plaintiff has a very important mission to fulfill, however, that mission does not justify such conduct.

Here, the court found that Defendant was entitled to summary judgment on both of Plaintiff's claims. The court agrees with Defendant that it is a serious flaw when a plaintiff cannot establish a qualifying disability in a discrimination action brought under the ADA. However, in light of all evidence, the court cannot conclude that this case was so groundless or without foundation that an award of fees to Defendant is appropriate under Christianburg.

Defendant's Motion for Attorney's Fees is **DENIED**.

**SIGNED** this 7th day of September, 2007, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge

4